# Gery *versus* Ehrgood.

Money awarded to a defendant, out of the proceeds of his real estate, under the exemption law of 1849, and paid over to his attorney by the sheriff, is not liable to be attached in the hands of the attorney.

ERROR to the Common Pleas of *Berks county.*

This was an attachment execution by Henry Ehrgood against Enos Gery, defendant, and J. Hagarman and Owen Coleman, garnishees.

A *fieri facias* was issued out of the court below, at the suit of Tilard Gery against Enos Gery, the defendant, to April Term

[Gery *v.* Ehrgood.]

1856.   The defendant claimed the benefit of the exemption law; and his personal property, appraised at $7, was set apart to him. He then claimed the balance of the $300, allowed by law, out of his real estate.   The appraisers reported that the real estate, consisting of a small house and lot of ground, could not be divided without prejudice to, or spoiling the whole, and returned a valuation of the same.

At November Term 1856, the real estate was sold by the sheriff for $1010; and the court awarded to the defendant $293 of the proceeds, to make up the amount to which he was entitled under the exemption law.

On the 10th November 1856, this sum of $293 was paid by the sheriff to J. Hagarman, the defendant's attorney; and, before it could be paid over, this writ of attachment, at the suit of Henry Ehrgood, was served on him as garnishee.

The court below adjudged the fund to the attaching creditor, which was here assigned for error.

*Banks*, for the plaintiff in error, cited Wray *v.* Tammany, 1 *Harris*, 395, 396; Yelverton *v.* Burton, 2 *Casey* 354.

*T. & W. Morris*, for the defendant in error, cited Yelverton *v.* Burton, 2 *Casey* 354; Vesia *v.* Viench, 8 *Leg. Int.* 54; 1 *Tr. & H. Pr.* 757; *Sergeant on Attachments* 115; Childs *v.* Digby, 12 *Harris* 26; Knabb *v.* Drake, 11 *Id.* 489; Riley *v.* Hirst, 2 *Barr* 346.

PER CURIAM.—This money was decreed to be paid to Gery, in place of property, under the exemption law, and was paid to his counsel for him, and immediately arrested in his hands by an execution attachment.   We do not think that any logical result of legal analogies ought to sustain this proceeding.   The plain sense of the law is, that $300 worth of property is to be saved to Gery from his execution creditors; and this money, which is given in its stead, cannot be attached while passing from the court to his hands.

The decree on the attachment execution is reversed, and is now entered in favour of the defendant below, with costs, and the record is remitted.